IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

PETER E. SCOTT                                                                          PLAINTIFF

VS.                                                         CIVIL ACTION NO. 4:09CV100-DAS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                                         DEFENDANT

**MEMORANDUM OPINION**

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying the application of the claimant, Peter E. Scott, for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court having duly considered the briefs of the parties, the record, and the applicable law, finds as follows, to wit:

**I. PROCEDURAL AND FACTUAL HISTORY**

The claimant filed a claim for disability insurance benefits on November 4, 2005, alleging disability since May 31, 2003. His claim was denied initially and after reconsideration, and he requested a hearing before an administrative law judge ("ALJ") on April 10, 2006. Two years later, on July 1, 2008, a hearing was held before ALJ Willie L. Rose. By decision dated October 29, 2008, ALJ Rose found the claimant not disabled. The claimant requested review of the ALJ's decision by the Appeals Council on November 7, 2008. The claimant was represented by counsel. However, on July 30, 2009, the Appeals Council denied the request for review. Thus, the ALJ's hearing decision became the final decision of the Commissioner and is ripe for review pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The claimant was born on January 28, 1958. He obtained a GED. His most recent past relevant work was as a laborer on a fish farm. In this job, he worked in the water and mud, assigning and loading fish. Prior to that the claimant worked as a service person at a farm, servicing the equipment in the morning and making any needed repairs. The claimant also worked packing cotton on a farm. With regard to the claimant's residual functional capacity ("RFC") the ALJ found that:

> [T]he claimant had the residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently, stand/walk 6 hours during an 8 hour period, and sit 6 hours during an 8 hour period. He can only occasionally do repetitive manipulative activities such as repetitively [sic] flexing of the wrist, pinching, gripping and grasping with his right dominant hand. He can occasionally stoop, kneel, crouch, crawl, climb, and balance.

Based upon this finding, the ALJ–with the assistance of the VE–determined that the claimant could perform his past work as a cotton packer as the job is generally performed in the national economy, and was thus not disabled within the meaning of the act at any relevant time.

## II. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the

existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

### III. ANALYSIS

The claimant presents three grounds for reversal of the Commissioner's opinion in this case: 1) The ALJ failed to follow the treating physician rule; 2) The ALJ erred in finding the claimant could perform his past relevant work; and 3) The ALJ failed to properly evaluate the claimant's credibility. The court has thoroughly reviewed the administrative record, the applicable law, and the briefs of the parties and finds that while the claimant has failed to present any ground for reversal of this case, it should nonetheless be remanded for further proceedings because the Commissioner's decision is not supported by substantial evidence.

During the administrative hearing, the ALJ asked the VE to summarize the claimant's past relevant work. The VE explained that the claimant's past work as a cotton packer had an SVP of 2 and was unskilled light work, that his job as a poultry farm laborer also had an SVP of 2 and was semi-skilled medium work, and that his work as a service mechanic helper was SVP 4 and was semi-skilled medium work. Next, the ALJ asked the VE to assume a hypothetical person of the claimant's age and with his work history, education, vocational training, and RFC which allowed him to:

> lift and carry 20 pounds occasionally, 10 pounds frequently, can stand and walk for 6 hours during an 8 hour period, can sit for 6 hours during an 8 hour period. The individual can only occasionally engage due to these, repetitive manipulative activities such as a repetitive flexing of the, repetitive flexing of the wrist, pinching, gripping, and grasping, lift his right, dominant hand. He can only occasionally lift, stoop, kneel, crouch, crawl, climb, and balance.

3

The VE responded that the hypothetical individual could perform the claimant's past work as a cotton packer, but not the poultry laborer or service attendant jobs.

The VE associated the cotton packer job with DOT job No. 920.685-054. The DOT and its companion volume, the Selected Characteristics of Occupations (SCO), list job 920.685-054, Cotton-Roll Packer, at the light exertional level but further indicate the industry designation as "Personal Protective and Medical Devices and Supplies Industry" and describes it as follows:

> Tends machine that rolls absorbent surgical cotton into rolls and packs rolls in cardboard cartons for shipment: Places empty shipping cartons on conveyor rollers. Pushes button to start automatic cotton-layer machine that rolls absorbent cotton between paper. Inserts rolled cotton in cardboard containers. Fills shipping cartons with containers and places glued paper tape on tops to seal cartons.
>
> . . .
>
> Field 1: 604 - Surgical, Medical, and Dental Instruments and Supplies (medical, surgical, opthalmic, and veterinary instruments and apparatus; othopedeic, prosthetic, and surgical appliances, arch supports, and other foot appliances; fracture appliances, elastic hosiery, and abdominal supporters, braces, and trusses; bandages; surgical gauze and dressings; sutures; adhesive tapes and medicated plasters; personal safety appliances and equipment; and dental equipment, supplies, and instruments, such as artificial teeth, dental metals, alloys, and amalgams, and dental drills, forceps, pliers, etc.).

When the ALJ questioned the plaintiff about his work as a cotton packer, the following colloquy took place:

> ALJ: All right. And you, you also mentioned that you worked as a, packing cotton, picking, packing cotton, is that what it is?
>
> Claimant: Packing?
>
> ALJ: You put packing cotton.
>
> Claimant: Oh, yeah, I worked on a farm.

4

| | |
|---|---|
| ALJ: | Cleaning up, packing cotton? |
| Claimant: | Yeah, I worked on, in a cotton field. |
| ALJ: | Well, how long ago was that? Was that, was it picking cotton or packing cotton? |
| Claimant: | Had to be packing. |
| . . . | |
| ALJ: | 2001 packing cotton what would you do? |
| Claimant: | Packing on a mudge, you used the mudge. |
| ALJ: | You used a machine to pack it? |
| Claimant: | Right. |

Further, on a disability report (Form SSA-3368), the claimant reported that he worked eight hours a day packing cotton at a cotton gin.

The court finds that the ALJ failed to fully develop the record with regard to the claimant's past work as a cotton packer. In disability determinations and decisions made at step four of the sequential evaluation process outlined in 20 CFR 404.1520, and at which the individual's ability to do past relevant work must be considered, Social Security Administration Rulings require the ALJ's analysis to consist of three distinct findings. SSR 82-62; *see also Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir.1996). The ALJ must first evaluate a claimant's RFC in light of the claimant's physical and/or mental limitations. *Id.* Next, the ALJ must determine the physical and mental demands of the claimant's past relevant work. *Id.* Finally, the ALJ must determine whether the claimant can meet the job demands in the second finding despite the limitations in

the first finding. *Id. See also Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994).

In this case, the ALJ failed to properly determine the physical and mental demands of the claimant's past work as a cotton packer. Indeed, the record does not contain a clear description of the claimant's duties as a cotton packer as he performed it. Furthermore, despite the claimant's testimony and other evidence in the record indicating that he worked in the agriculture industry, the VE compared the claimant's past work to work in the personal protective and medial devices industry. According to the DOT's explanation of the Parts of the Occupational Definition, an industry designation "often differentiates between two or more occupations with identical titles but different duties" and "is an integral and inseparable part of any occupational title." Ultimately, because the ALJ relied upon the VE's testimony that the claimant could return to his past work, this court cannot find that the ALJ's decision was supported by substantial evidence. Therefore, this case should be remanded for further proceedings.

## IV. CONCLUSION

For the reasons set out above, the Commissioner's decision is not supported by substantial evidence, and this case should be remanded for further proceedings. On remand the ALJ shall fully develop the record with regard to the claimant's past work as a cotton packer and then determine whether the claimant is capable of performing gainful work activity.

**SUBMITTED THIS** 3rd day of June, 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE